802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis Lee CLARK, Plaintiff-Appellant,
v.
Theodore KOEHLER, et al., Defendants-Appellees.
 No. 85-1283.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 1
 Before MILBURN and BOGGS, Circuit Judges and DeMASCIO, District Judge.*
 
 ORDER
 
 2
 This pro se prisoner appeals from a district court . judgment dismissing his civil rights suit filed under 42 U.S.C. 5 1983 with prejudice for failure to prosecute. We affirm the district court's judgment of dismissal for reasons other than those stated by the district court. See United States v. Anderson Count, Tennessee, 761 F.2d 1169, 1174-75 (6th Cir.), cert. denied, 106 S.Ct. 248 (1985); County of Oakland v. City of Berkley, 742 F.2d 289, 298 (6th Cir.1984); M.J. Whitman & Co. v. American Financial Enterprises, Inc., 725 F.2d 394, 396 (6th Cir.1984) . Subsequent to the decision rendered in the plaintiff's prior appeal taken in this same case, case law authorities have developed which now require the dismissal of plaintiff's suit for failure to state a claim of constitutional magni tude.
 
 
 3
 After the plaintiff received adequate notice and a hearing at which he was found guilty on a major misconduct charge, the plaintiff was reclassified into administrative segregation, where he remained for fourteen months. He was released from this status when a state court found that the defendants had not given the plaintiff additional notice and a hearing required under state prison guidelines when reclassification is based upon other factors than a major misconduct violation. Because the plaintiff was denied this additional protection before being reclassified, plaintiff filed this suit seeking injunctive and monetary relief from the defendants claiming that the additional protection was guaranteed him under the due process clause of the federal constitution. We disagree. State procedural guidelines governing administrative segregation do not create a pro tected liberty interest in remaining in the general popu lation. See Walker v. Mintzes, 771 F.2d 920, 932-34 (6th Cir.1985) . Cf. Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983); Naegele Outdoor Advertising Co. v. Moulton, 773 F.2d 692, 702-03 (6th Cir.1985), cert. denied, 106 S.Ct. 1639 (1986); Bills v. Henderson, 631 F.2d 1287, 1298 (6th Cir. 1980).
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34 (a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed for the foregoing reasons pursuant to Rule 9 (d)(3), Rules of the Sixth Cir cuit.